
Case: 1:25-cv-04867 Document #: 1 Filed: 05/02/25 Page 1 of 6 PageID #:1

1:25-cv-04867
Judge Martha M. Pacold
Magistrate Keri L. Holleb Hotaling
RANDOM Cat. 3


RECEIVED
5/2/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Mark Johnson,
Plaintiff,
v.
EK Real Estate Fund I, LLC; EasyKnock, Inc. (Revoked); Area Wide Realty; and John Does 1-10,
Defendants.
Case No.: (To be assigned)
Judge: (To be assigned)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FRAUD, DECEPTIVE TRADE PRACTICES, USURY, SUBSTANTIVE UNCONSCIONABILITY, AND DECLARATORY RELIEF

I. INTRODUCTION

1. This action seeks redress for the unlawful eviction of Mark Johnson, a disabled senior citizen and Honorably Discharged U.S. Veteran, from his long-time homestead at 3236 Roesner Drive, Markham, Illinois 60428, through fraudulent and deceptive acts by Defendants acting under color of law, in violation of his rights under the U.S. Constitution, Fair Housing Act, Americans with Disabilities Act, Illinois Consumer Fraud and Deceptive Business Practices Act, Illinois usury laws, and related laws.

2. Defendants engaged in a scheme to misrepresent ownership, conceal ongoing refinancing transactions, and unlawfully evict Plaintiff to profit from the property, using Special Purpose Vehicles (SPVs) like CTI 1379, EK Real Estate Fund I, and operating in a manner similar to entities like Unlock Partnership Solutions AOI, Inc., whose deceptive practices in Roberts v. Unlock Partnership Solutions AOI, Inc. et al (Case No. 1:24-cv-01374, D.N.J.) are under scrutiny, causing homelessness, severe emotional distress, and loss of property. Defendant Area Wide Realty is currently listing the property for sale, exacerbating the harm and necessitating immediate injunctive relief.

II. PARTIES

1. Plaintiff, Mark Johnson, is a disabled senior citizen, Honorably Discharged U.S. Veteran, currently homeless, residing in Cook County, Illinois. Plaintiff's only income is from providing transportation services, specifically taking a child to and from school and medical care appointments, earning approximately $500 per month, which is insufficient to cover his basic living expenses (Declaration in Support of Motion to Proceed In Forma Pauperis ¶¶ 3, 6; Exhibit J).

2. Defendant, EK Real Estate Fund I, LLC, is a Delaware limited liability company doing business in Illinois.

3. Defendant, EasyKnock, Inc., is a Delaware corporation whose authority to do business in Illinois was revoked on October 11, 2024.

4. Defendant, Area Wide Realty, is a real estate company doing business in Illinois, involved in the fraudulent transactions and currently listing the property for sale.
5. Defendants, John Does 1-10, are unidentified individuals or entities, including those involved in appraisal, refinancing, or other fraudulent activities, potentially connected to entities like Unlock Partnership Solutions AOI, Inc., whose identities may be revealed through discovery.

III. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for federal claims under 42 U.S.C. § 1983, the Fair Housing Act (42 U.S.C. § 3601 et seq.), and the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.). Supplemental jurisdiction over state law claims (DTPA, usury, and unconscionability) exists under 28 U.S.C. § 1367.
2. Venue is proper in this Court because the events giving rise to these claims occurred in Cook County, Illinois.

IV. FACTS

1. Plaintiff, Mark Johnson, resided at 3236 Roesner Drive, Markham, Illinois for over 40 years and is a disabled senior citizen with diabetes and chronic obstructive pulmonary disease (COPD) (Exhibit I).
2. On October 31, 2022, Plaintiff entered into a sale-leaseback agreement with EK Real Estate Fund I, LLC, facilitated by EasyKnock, Inc., and involving Area Wide Realty and others, which was misrepresented as a residential lease (Exhibit D: Signed Seller Docs - Johnson.pdf).
3. The agreement withheld $8,450 as a "Repair Fund," imposing repair obligations on Plaintiff with a deadline of January 31, 2023, and allowed Defendants to deduct costs for alleged defaults (Exhibit D).
4. The agreement required Plaintiff to pay $1,300 monthly rent, which, combined with the Repair Fund, imposed excessive financial burdens given Plaintiff's $500 monthly income (Exhibit D; Exhibit J).
5. No legal deed transfer from Plaintiff to EK Real Estate Fund I, LLC was recorded with the City of Markham, and Plaintiff remained the legal owner (Exhibit A: Rhonda Drew Email).
6. Defendants utilized SPVs, such as EK Real Estate Fund V, CTI 1379, to structure the transaction and obscure liability, facilitating unlawful actions including the misrepresentation of ownership and fraudulent eviction.
7. Defendants' practices mirror those of Unlock Partnership Solutions AOI, Inc., a subsidiary of Unlock Technologies, Inc., which engages in deceptive home equity agreements, as evidenced by Roberts v. Unlock Partnership Solutions AOI, Inc. et al (Case No. 1:24-cv-01374, D.N.J.), where the CFPB alleged Truth in Lending Act violations, indicating a pattern of consumer harm in the home equity industry (Exhibit H).
8. On August 29, 2023, EK Real Estate Fund I, LLC served Plaintiff with a 10-day notice to terminate tenancy, falsely claiming landlord status (Exhibit G: Affidavit of Service).
9. On October 5, 2023, EK Real Estate Fund I, LLC filed an eviction case against Plaintiff (Case No. 20236009760), over 30 days after the notice, rendering it stale under Cook County RTLO § 42-8-909(B)(1) (Exhibit G).
10. Defendants concealed EasyKnock, Inc.'s revoked status and coordinated with unidentified parties (John Does 1-10) to pursue refinancing, treating Plaintiff as an owner/borrower for appraisal purposes (Exhibit B: Appraisal Email).

11. The appraisal email from Nationwide Appraisal Network (NAN) referenced "closing of your loan," indicating Plaintiff was treated as having an ownership interest, contradicting Defendants' eviction claims (Exhibit B).
12. The City of Markham rejected EK Real Estate's rental registration application, confirming Defendants lacked lawful ownership and operated illegally (Exhibit A).
13. Defendants, including Area Wide Realty, pursued eviction and refinancing simultaneously, constituting bad faith and abuse of process (Exhibit C: Kevin Pritchett Email).
14. Plaintiff filed a fraud report with the Markham Police Department, documenting Defendants' deceptive practices (Exhibit E: Markham Police Fraud Report).
15. Plaintiff was forcibly evicted in January 2025, resulting in homelessness, severe emotional distress, exacerbation of his medical conditions, and loss of personal property.
16. No reasonable accommodations were offered to Plaintiff for his disabilities, violating the Fair Housing Act and Americans with Disabilities Act (Exhibit I).
17. Area Wide Realty has listed the property for sale, as evidenced by a "For Sale" sign with phone number (708) 656-3333, despite the lack of a recorded deed transfer and ongoing litigation, further threatening Plaintiff's rights (Exhibit F: Area Wide Realty For Sale Sign).
18. The sale-leaseback agreement's terms, as detailed in the Signed Seller Docs, imposed usurious charges and deceptive obligations, evidencing Defendants' fraudulent scheme (Exhibit D).
19. EasyKnock, Inc. ceased operations on December 6, 2024, following consumer lawsuits and regulatory actions in multiple states, including Massachusetts and Michigan, for deceptive sale-leaseback practices, but its successors or assigns, including Area Wide Realty, continue to profit from the unlawful eviction (Exhibit F).

V. LACK OF STANDING AND FRAUDULENT MISREPRESENTATION TO STATE COURT
1. Defendants EK Real Estate Fund I, LLC, EasyKnock, Inc., and Area Wide Realty lacked standing to pursue eviction because no valid deed transfer was recorded, and the City of Markham rejected their rental registration (Exhibit A).
2. In state eviction proceedings (Case No. 20236009760), Defendants misrepresented Plaintiff as a mere tenant while treating him as an owner in refinancing transactions coordinated with unidentified parties, using SPVs like CTI 1379 and engaging in practices similar to those of Unlock Partnership Solutions AOI, Inc. (Exhibit B; Exhibit G; Exhibit H).
3. This concealment of material facts about ownership, EasyKnock's revoked status, and the stale notice constitutes Fraud Upon the Court, justifying sanctions and damages (Exhibit G).

VI. CAUSES OF ACTION
Count I — Civil Rights Violation (42 U.S.C. § 1983)
1. Defendants EK Real Estate Fund I, LLC, EasyKnock, Inc., Area Wide Realty, and John Does 1-10, acting under color of state law through the state eviction process (Case No. 20236009760), deprived Plaintiff of his constitutional rights to due process and equal protection under the Fourteenth Amendment.
2. Defendants pursued eviction based on a fraudulent 10-day notice, stale under Cook County RTLO § 42-8-909(B)(1), and misrepresented ownership, lacking a recorded deed transfer, as confirmed by the City of Markham (Exhibit A; Exhibit G).

3. Defendants' actions disproportionately targeted Plaintiff, a disabled senior citizen and veteran, exploiting his protected status and limited financial resources, in violation of equal protection principles.

4. The use of Special Purpose Vehicles (SPVs) like CTI 1379 and practices akin to those of Unlock Partnership Solutions AOI, Inc., as seen in Roberts v. Unlock Partnership Solutions AOI, Inc. (Case No. 1:24-cv-01374, D.N.J.), obscured liability and facilitated this deprivation (Exhibit H).

5. Plaintiff suffered homelessness, loss of property, and severe emotional distress as a result of these violations.

Count II — Fair Housing Act Violation (42 U.S.C. § 3601 et seq.)

6. Defendants' discriminatory eviction actions disproportionately harmed Plaintiff, a disabled senior, without offering reasonable accommodations, violating the Fair Housing Act.

Count III — Americans with Disabilities Act Violation (42 U.S.C. § 12101 et seq.)

7. Defendants EK Real Estate Fund I, LLC, EasyKnock, Inc., and Area Wide Realty violated Title II and/or Title III of the ADA (42 U.S.C. §§ 12132, 12182) by failing to provide reasonable accommodations to Plaintiff, a disabled senior citizen with diabetes and chronic obstructive pulmonary disease (COPD), during the sale-leaseback and eviction processes.

8. Plaintiff's disabilities, disclosed to Defendants, substantially limit major life activities, including breathing, walking, and managing his medical conditions (Exhibit I).

9. Defendants were aware of Plaintiff's disabilities but failed to offer accommodations, such as extended time to comply with notices, accessible communication, or alternative payment arrangements, to ensure equal access to housing-related services.

10. This failure facilitated Plaintiff's unlawful eviction, resulting in homelessness, exacerbation of his medical conditions, and severe emotional distress.

11. Defendants' actions constitute intentional discrimination and a deliberate indifference to Plaintiff's federally protected rights under the ADA.

Count IV — Fraud and Misrepresentation

12. Defendants concealed material facts about their corporate status, lack of ownership, and ongoing refinancing, using SPVs like CTI 1379 and engaging in deceptive practices similar to those of Unlock Partnership Solutions AOI, Inc., whose TILA violations are documented in Roberts, inducing the unlawful eviction and attempted sale (Exhibit B; Exhibit G; Exhibit H).

Count V — Civil Conspiracy and Abuse of Corporate Form

13. Defendants used EK Real Estate Fund I, LLC as an alter ego to prosecute actions that EasyKnock, Inc., a revoked entity, could not lawfully pursue, coordinating with Area Wide Realty, using SPVs like CTI 1379, and operating in a manner consistent with entities like Unlock Partnership Solutions AOI, Inc. to defraud Plaintiff and obscure liability (Exhibit H).

Count VI — Fraud Upon the Court

14. Defendants knowingly misrepresented Plaintiff's status as a tenant and their own ownership rights in state court (Case No. 20236009760), concealing refinancing activities and the stale notice to secure an unlawful eviction judgment (Exhibit B; Exhibit G).

Count VII — Illinois Deceptive Trade Practices Act (815 ILCS 505/1 et seq.)

15. Defendants EK Real Estate Fund I, LLC, EasyKnock, Inc., Area Wide Realty, and John Does 1-10 violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815

ILCS 505/2) by engaging in deceptive and unfair practices in the sale-leaseback transaction and subsequent eviction.

16. Defendants misrepresented the sale-leaseback as a residential lease, concealed the lack of a recorded deed transfer, and imposed fraudulent obligations, including a $1,300 monthly rent and $8,450 "Repair Fund," which were financially oppressive given Plaintiff's $500 monthly income (Exhibit A; Exhibit D; Exhibit J).

17. Defendants' use of SPVs like CTI 1379 and practices mirroring those of Unlock Partnership Solutions AOI, Inc., as documented in Roberts v. Unlock Partnership Solutions AOI, Inc. (Case No. 1:24-cv-01374, D.N.J.), evidence a pattern of deceptive conduct in the home equity industry (Exhibit H).

18. These practices caused Plaintiff financial harm, unlawful eviction, homelessness, and emotional distress, entitling him to actual and treble damages under 815 ILCS 505/10a.

Count VIII — Illinois Usury Violation (815 ILCS 205/4 et seq.)

19. The sale-leaseback agreement imposed usurious charges, including a $1,300 monthly rent and $8,450 withheld "Repair Fund," which functioned as an excessive interest rate, violating Illinois usury laws (Exhibit D).

Count IX — Substantive Unconscionability

20. The sale-leaseback agreement executed on October 31, 2022, between Plaintiff and Defendants EK Real Estate Fund I, LLC, EasyKnock, Inc., and facilitated by Area Wide Realty, is substantively unconscionable under Illinois law and persuasive authority in Lopez v. Watchtower Bible & Tract Soc'y of N.Y., Inc., 467 S.W.3d 499 (Tex. App. 2015).

21. The agreement imposed a $1,300 monthly rent and withheld $8,450 as a "Repair Fund," placing oppressive financial burdens on Plaintiff, a disabled senior citizen with a monthly income of approximately $500, rendering performance impossible and exploiting Plaintiff's economic vulnerability (Exhibit D; Exhibit J).

22. Defendants misrepresented the agreement as a residential lease while concealing the lack of a recorded deed transfer, further evidencing bad faith and unfairness (Exhibit A).

23. The terms, combined with Defendants' use of Special Purpose Vehicles (SPVs) like CTI 1379 to obscure liability, are grossly one-sided, shock the conscience, and violate public policy, rendering the agreement unenforceable.

24. Plaintiff suffered harm, including unlawful eviction, homelessness, and emotional distress, due to Defendants' enforcement of this unconscionable agreement.

VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:
• Award actual damages in excess of $100,000;
• Award punitive damages for intentional misconduct;
• Award treble damages under the Illinois DTPA (815 ILCS 505/10a);
• Issue a declaratory judgment that the eviction violated constitutional and federal statutory rights and is void;
• Declare the sale-leaseback agreement unconscionable and unenforceable;
• Enjoin any sale, transfer, or securitization of the property;
• Award attorneys' fees and costs (or standby counsel if appointed);
• Grant any other relief the Court deems just and proper.

Respectfully submitted,
/s/ Mark Johnson, Pro Se
3236 Roesner Dr., Markham, IL 60428
708-552-1559
markjohnson1625@comcast.net
Dated: May 1, 2025